UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x

Firm ID 11-2671938  
Pres. Date: 12/14/15 9:30 a.m.

In Re:

Holbrook Development Corp.,

                     Debtor.  
-----------------------------------------------------------x

Chapter 11

Case No.: 14-75671-AST

## NOTICE OF PRESENTMENT OF OBJECTION TO CLAIM

SIR/MADAM:

    **PLEASE TAKE NOTICE** that an order will be presented for signature before the Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **December 14, 2015 @ 9:30 a.m.** The proposed order will seek an order disallowing claims as specifically set forth in the application annexed and in compliance with Bankruptcy Rule 3007, together with such other and further relief as this court deems just and proper.

    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the

1

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASC II) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and served so as to be received by Macco & Stern, LLP.,135 Pinelawn Road, Suite 120S, Melville, New York 11747, Attn: Cooper J. Macco, Esq. no later than **December 11, 2015 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are received the Court may enter an order granting the relief sought without further notice or hearing. In the event that objections are timely received by the Court, the Court will schedule a hearing to consider the objections at a date and time to be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections are filed the Court shall conduct a hearing on a date to be determined by the Court.

Dated: Melville, New York
November 9, 2015

                                            MACCO & STERN, LLP.
                                            Attorneys for the Debtors

                                            By:____/s/ Michael J. Macco____
                                               MICHAEL J. MACCO
                                               135 Pinelawn Road, Suite 120S
                                               Melville, NY  11747
                                               (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                             Case No. 14-75671 (AST)

Holbrook Development Corp.,                                        Chapter 11

                              Debtor
-------------------------------------------------------------- x

## DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM

Holbrook Development Corp. (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its counsel, Macco & Stern, LLP, hereby moves the Court for an order disallowing the proof of claim assigned claim number 12 (the "Claim") filed by BP Products North America (the "Claimant"), and respectfully sets forth as follows:

## BACKGROUND

1.  The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are §502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007.1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

## BACKGROUND

2.  On December 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.  On March 16, 2015, Claimant filed the Claim in the general unsecured amount of $155,000 (the "Claim Amount"). A copy of the Claim is annexed hereto as **Exhibit A**.

4.   The Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

## OBJECTION

5.   Pursuant to Bankruptcy Code §502(b):

> [I]f . . . an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (4)   Such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than such claim is contingent or unliquidated . . .

6.   Additionally, pursuant to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."

7.   On or about November 5, 2012, the Debtor and Claimant entered into a dealer supply agreement (the "Dealer Supply Agreement").

8.   Under the Dealer Supply Agreement, if the Debtor defaulted, the Debtor would be liable to the claimant for amounts of not less than $100,000 for incentive payments, and $55,000 for branding payments, totaling $155,000, the Claim Amount.

9.   As of the Petition Date and the Objection Date, Claimant has not defaulted under the Dealer Supply Agreement and the Claim remains contingent.

10.   Debtor objects to the Claim on the grounds that the Debtor does not owe any amounts under the supply contract and the Claim is still contingent and unliquidated.

11.   Accordingly, the Debtor believes the Claim should be disallowed in its entirety.

12.   No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the Court enter an order disallowing the Claim and granting such further and different relief as the Court deems just and proper.

Dated: October __, 2015
Melville, NY

MACCO & STERN, LLP
Attorneys for the Debtors

By: _____
Michael J. Macco
A Member of the Firm
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900

# EXHIBIT A

B10 Modified (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor: **Holbrook Development Corp.**         Case Number **8-14-75671**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**BP Products North America Inc.**

Name and address where notices should be sent:

BP Products North America Inc.
30 South Wacker Drive, 9th Floor
Chicago, Illinois 60606
Attn: Robert Ross
Tel: 312-594-7206

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Attn: Jason R. Adams, Esq.
Tel: 212-808-7800

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: **an amount not less than $155,000**
**\*Creditor reserves its right to file an amended claim**
If all or part of your claim is secured, complete item 4 below.
If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to principal amount of claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **See Attachment**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____ (See instruction # 3a)
3b. Uniform Claim Identifier (optional): _____ (See instruction # 3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:_____

Value of Property: _____         Annual Interest Rate _____ ☐ Fixed ☐ Variable
(when case filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: _____   Basis for perfection: _____

Amount of Secured Claim: _____        Amount Unsecured: _____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. Signature: (See instruction #8) Check the appropriate box
☒ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Robert Ross
Title: Senior Credit Analyst
Company: BP Products North America Inc.
(Signature) *Robert Ross*    (Date) 3/16/15

Address and Telephone (if different from notice address above):

Telephone number: _____            email: robert.ross@bp.com

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any part of the claim falls in one of the following categories, check the box and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(__).

Amount entitled to priority:

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Medford Development Corp. | ) | Case No.:8-14-75666 (AST) |
| Motor Parkway Enterprises Inc. | ) | Case No.:8-14-75667 (AST) |
| Airport Development Corp. | ) | Case No.:8-14-75683 (AST) |
| Wheeler Development Corp. | ) | Case No.:8-14-75668 (AST) |
| Smithtown Development Corp. | ) | Case No.:8-14-75669 (AST) |
| Brentwood Development Corp. | ) | Case No.:8-14-75670 (AST) |
| Holbrook Development Corp. | ) | Case No.:8-14-75671 (AST) |
| Carman Development Corp. | ) | Case No.:8-14-75672 (AST) |
| Maple Avenue Hauppauge Dev. Corp. | ) | Case No.:8-14-75674 (AST) |
| Port Jefferson Development Corp. | ) | Case No.:8-14-75675 (AST) |
| Ronkonkoma Development Corp. | ) | Case No.:8-14-75676 (AST) |
| Islandia Development Corp. | ) | Case No.:8-14-75677 (AST) |
| Oceanside Enterprises Inc. | ) | Case No.:8-14-75678 (AST) |
| Islip Development Corp. | ) | Case No.:8-14-75679 (AST) |
| Westbury Development Corp. | ) | Case No.:8-14-75680 (AST) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MASTER PROOF OF CLAIM ATTACHMENT

1.    BP Products North America Inc. ("BP"), has claims against Motor Parkway Enterprises Inc. and certain affiliates (collectively, the "Debtors") in connection with BP's franchise and dealer supply agreements for three of the Debtors' gas stations which are, or have been, BP-branded stations. These station are located at (i) 865 Carman Avenue, Westbury, New York (the "Carman Station"); (ii) 5665 Sunrise Highway, Holbrook, New York (the "Sunrise Highway Station"); and (iii) 260 Motor Parkway, Brentwood, New York (the "Motor Parkway Station").

**Motor Parkway Station**

2. On September 12, 2011, BP, Motor Parkway Enterprises Inc. ("MPE"), and Steve Keshtgar, Frank Keshtgar and Aziz Keshtgar, entered into a settlement agreement (the "Settlement Agreement") with respect to an action titled *Simco Management Co. v. Amoco Oil Company, et al.; Amoco Oil Company and BP Products North America Inc. v. Motor Parkway Enterprises, Inc. and Steve Keshthar*, Index No. 07-021092, New York Supreme Court, Nassau County (the "Action"). In the Action, the New York Supreme Court awarded summary judgment to BP against MPE and Steve Keshtgar, and set damages at a total of $1,978,894.22, plus interest.

3. In order to resolve the judgment, the parties agreed, among other things that (i) BP was owed the sum of $2 million; (ii) MPE and Steve Keshtgar would enter into a new 10 year Dealer Supply Agreement for the Motor Parkway Station; (iii) MPE would receive certain credits against the settlement amount; (iv) Aziz and Frank Keshtgar would enter into new Dealer Supply Agreements for other BP-branded stations that are not part of this bankruptcy; (v) each of Steve, Aziz, and Frank Keshtgar would execute confessions of judgments in favor of BP; and (vi) the judgment amount would be reduced as set forth in the Settlement Agreement for each year that MPE, Aziz, and Frank Keshtgar, remained BP dealers under the Dealer Supply Agreements. In accordance with the Settlement Agreement, on July 1, 2011, the parties entered into a new 10-year Dealer Supply Agreement and related agreements with respect to the Motor Parkway Station (collectively, the "MPE Dealer Supply Agreement").

4. As of December 24, 2014 (the "Petition Date"), MPE continued, and has continued thereafter, to operate the Motor Parkway Station. BP, however, is filing this proof of claim against MPE out of an abundance of caution.

5.  After crediting amounts under the Settlement Agreement, as of the Petition Date, MPE remains liable to BP in an amount not less $870,000. In the event MPE were to breach or reject the Dealer Supply Agreement, MPE would also be liable to BP for additional amounts under the terms of the MPE Dealer Supply Agreement, including, but not limited to, liquidated damages for early termination, BP's debranding expenses, and MPE's breach of its minimum volume requirements.

6.  Accordingly, BP has a contingent and unliquidated claim against MPE in an amount not less than $870,000.

7.  No part of this claim has been paid.

**Sunrise Parkway Station**

8.  As of the Petition Date, Debtor Holbrook Development Corp. ("Holbrook") operated, and has continued to operate, the Sunrise Highway Station as a BP-branded station. BP, however, is filing this proof of claim against Holbrook out of an abundance of caution.

9.  The Sunrise Highway Station is subject to a November 5, 2012, Dealer Supply Agreement with BP (collectively, with related agreement, the "Sunrise Parkway Dealer Supply Agreement"). In the event the Debtors were to breach or reject the Dealer Supply Agreement, Holbrook would be liable to BP for amounts under the terms of the Sunrise Parkway Dealer Supply Agreement, including, but not limited to, $100,000 for incentive payments made by BP with respect to the Sunrise Parkway Station, $55,000 of branding payments made by BP with respect to the Sunrise Parkway Station, liquidated damages for early termination, BP's debranding expenses, and Holbrook's breach of its minimum volume requirements.

3

10. Accordingly, BP has a contingent and unliquidated claim against Holbrook in an amount not less than $155,000.

11. No part of this claim has been paid.

**Carman Station**

12. As of the Petition Date, Debtor Carman Development Corp. ("Carman") and BP were parties to a December 17, 2012 Dealer Supply Agreement with respect to the Carman Station (collectively, with related agreements, the "Carman Dealer Supply Agreement"). As of the Petition Date, the Carman Station was not operating.

13. On March 3, 2015, the Debtors filed a motion to sell the Carman Station and a separate motion to reject certain agreements, including a "franchise agreement" with BP. Both motions are set to be heard on April 22, 2015.

14. In the event the Carman Dealer Supply Agreement is rejected by the Debtors, Carman would be liable to BP for amounts under the terms of the Carman Dealer Supply Agreement, including, but not limited to, $100,000 for incentive payments made by BP with respect to the Carman Station, $23,587.08 of branding payments made by BP with respect to the Carman Station, liquidated damages for early termination, BP's debranding expenses, and Carman's breach of its minimum volume requirements.

15. Accordingly, BP has a contingent and unliquidated claim against Carman in an amount not less than $123,587.08.

16. No part of this claim has been paid.

17. BP does not waive any right to any security held by or for it or any right to claim specific assets or any right of action that BP has or may have against Debtors or any other person or persons. In addition to the liquidated amounts set forth on the official claim form and

attached exhibit(s), BP hereby asserts all claims and rights it has under all contracts and/or agreements with the Debtors and their affiliates, parents or subsidiaries, including without limitation any claims that are unknown to the BP as of the date of the filing of this proof of claim that become known after the filing of this proof of claim.

18.     BP does not waive any rights at law or equity or any rights or causes of action that BP has or may have against the Debtors, or any other person or persons. BP further reserves the right to amend, revise, or supplement this proof of claim in any respect, including without limitation (i) the addition of documents, and (ii) changing priority and fixing, increasing or amending in any respect the amounts and claims referred to herein. This proof of claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any defaults, or (iii) a waiver or limitation of any rights, remedies, claims or interests of BP, and BP explicitly reserves the right to assert one or more requests for payment of administrative expenses against the Debtors. This proof of claim is also made without prejudice to BP's rights under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, applicable non-bankruptcy law, the leases, contracts and/or agreements or otherwise, including, but not limited to, the right to vote on any chapter 11 plan of the Debtors.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                                                    Case No. 14-75671 (AST)

Holbrook Development Corp.,                                               Chapter 11
                                  Debtor
-------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF SUFFOLK)s:-

      Carol Smith, being duly sworn deposes that deponent is not a party to the above-captioned action, is over the age of 18 years and resides at West Islip, New York.

      On November 9, 2015 deponent served the within DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722

BP Products North America Inc
Attn:  Robert Ross
30 South Wacker Drive, 9th Floor
Chicago, Illinois  60606

Kelley Drye & Warren LLP
Attn:  Jason R. Adams, Esq.
101 Park Avenue
New York, New York  10178

                                                                                          /s/ Carol Smith
                                                                                          Carol Smith

Sworn to before me this
9th day of November, 2015

*/s/ Janine M. Zarrilli*
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. 01ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*