UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Firm ID 11-2671938
Pres. Date: 12/14/15 9:30 a.m.

---------------------------------------------------------x

In Re:                                          Chapter 11

Holbrook Development Corp.,                      Case No.:  14-75671-AST

                              Debtor.

---------------------------------------------------------x

## NOTICE OF PRESENTMENT OF OBJECTION TO CLAIM

SIR/MADAM:

**PLEASE TAKE NOTICE** that an order will be presented for signature before the
Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States
Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York
11722, on **December 14, 2015 @ 9:30 a.m.** The proposed order will seek an order reducing
and reclassifying claims as specifically set forth in the application annexed and in
compliance with Bankruptcy Rule 3007, together with such other and further relief as this
court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order
must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern
District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the
Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which
may be accessed (with a password which is available by contacting the Bankruptcy Court's
technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through
the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape
Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using
Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such
party shall submit the objection in PDF format on a diskette in an envelope with the case name,
case number, type and title of document, document number of the document to which the

1

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASC II) format.  An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.  A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and served so as to be received by Macco & Stern, LLP.,135 Pinelawn Road, Suite 120S, Melville, New York 11747, Attn:  Cooper J. Macco, Esq. no later than **December 11, 2015 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are received the Court may enter an order granting the relief sought without further notice or hearing.  In the event that objections are timely received by the Court, the Court will schedule a hearing to consider the objections at a date and time to be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections are filed the Court shall conduct a hearing on a date to be determined by the Court.

Dated:  Melville, New York
      November 9, 2015

                    MACCO & STERN, LLP.
                    Attorneys for the Debtors

                    By:_____/s/ Michael J. Macco_____
                      MICHAEL J. MACCO
                      135 Pinelawn Road, Suite 120S
                      Melville, NY  11747
                      (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

In re:                                                    Case No. 14-75671 (AST)

Holbrook Development Corp.,                                Chapter 11

                                    Debtor

------------------------------------------------------------------ x

### DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM

Holbrook Development Corp. (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its counsel, Macco & Stern, LLP, hereby moves the Court for an order reducing and reclassifying the proof of claim assigned claim number 14 (the "Claim") filed by Sanil Sikhrakar (the "Claimant"), and respectfully sets forth as follows:

### BACKGROUND

1.     The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicates for relief are §502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007.1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

### BACKGROUND

2.     On December 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.     On March 18, 2015, Claimant filed the Claim in the unsecured total amount of $29,044.50 (the "Claim Amount"), of which $9,897 is asserted as an unsecured priority.  A copy of the Claim is annexed hereto as **Exhibit A**.

4.    The Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108.   To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

## OBJECTION

5.    Pursuant to Bankruptcy Code §502(b):

> [I]f . . . an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> > (5)    Such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than such claim is contingent or unliquidated . . .

6.    Additionally, pursuant to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."

7.    Debtor objects to the Claim on the grounds that based on the Debtor's payroll, the Debtor believes that the Claimant is owed, at a maximum, $5,552.  A copy of the Debtor's unpaid payroll records for the Claimant are annexed hereto as **Exhibit B**.

8.    Accordingly, the Debtor believes the Claim should be reduced to $5,552, as follows: (i) $4,656 allowed as a priority unsecured claim under Bankruptcy Code §507(4); and (ii) $896 as an administrative expense claim.

9.    No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the Court enter an order reducing and reclassifying the Claim, and granting such further and different relief as the Court deems just and proper.

Dated: October __, 2015
      Melville, NY

                              **MACCO & STERN, LLP**
                              Attorneys for the Debtors

By:     _____
                              Michael J. Macco
                              A Member of the Firm
                              135 Pinelawn Road, Suite 120 South
                              Melville, New York 11747
                              (631) 549-7900

# EXHIBIT A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT  Eastern District of New York | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor:

Holbrook Development Corporation

Case Number:

8-14-75671-ast

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Sanil Sikhrakar

**COURT USE ONLY**

Name and address where notices should be sent:

58 Horseblock Rd. Apt. 1B
Centereach, NY 11720

Telephone number: (631) 885-3086    email:

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
   (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $_____29,044.50

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Unpaid Wages
      (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**

2  1  2  1

**3a. Debtor may have scheduled account as:**

(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**

_____
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏Real Estate  ❏Motor Vehicle  ❏Other
**Describe:**

**Value of Property: $_____**

**Annual Interest Rate_____% ❏Fixed  or ❏Variable**
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____9,897.00

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                  2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain

**8. Signature:** (See instruction #8)

Check the appropriate box

■ I am the creditor    ☐ I am the creditor's authorized agent    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor
                                                                   or their authorized agent                    (See Bankruptcy Rule 3005.)
                                                                   (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Sanil  Sikhrakar
Title:
Company:                                                                                                          3/11/2015
Address and telephone number (if different from notice address above)    (Signature)                              (Date)

Telephone number                    email
_____
Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 and 3571

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor,*
*exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# EXHIBIT B

## ATTACHMENT TO PROOF OF CLAIM OF SANIL SIKHRAKAR

### I.    Facts

Sanil Sikhrakar ("Sikhrakar") worked for a gas station managed by the Holbrook Development Corporation ("Holbrook" or "Debtor") from approximately May 2013 through January 23, 2015. The gas station is located at 5665 Sunrise Highway, Holbrook, NY, 11741. Sikhrakar submits this proof of claim against the Debtor in an amount of at least **29,044.50** in unpaid wages, liquidated damages, attorneys' fees and costs for his claims from May 2013 to January 23, 2015, and prejudgment interest pursuant to N.Y. C.P.L.R. § 5001. Sikhrakar has similar and related claims against non-debtor third parties.

In violation of New York Labor Law and the Fair Labor Standards Act, Debtor: (1) failed to pay Sikhrakar minimum wage, overtime compensation and spread of hours pay (an extra hour's pay at minimum wage rate for shifts over 10 hours from start to finish) and (2) failed to provide Sikhrakar with any wage notice (3) failed to provide Lama with a statement with every payment of wages, listing dates of work covered by the payment of wages, rates of pay per day, gross wages, deductions, and net wages. 29 U.S.C. §§ 206(a), 207(a); N.Y. Labor Law §§ 190, 195, 198(1-a), 652(1); 12 N.Y.C.R.R. § 142-2.1, 143-2.2, 142-2.4. Discovery of the Debtor's records will be necessary to quantify the wages the Debtor owes to Lama precisely.

Sikhrakar was promised to be paid approximately  672 weekly. He worked seven days a week for approximately twelve hours a day without any breaks, typically working around 84 hours per week. His wage rate was  8.00 per hour. Sikhrakar did not receive an extra hour of pay on days in which he worked more than 10 hours, in violation of the New York Labor Law's "spread-of-hours" requirement. N.Y. Labor Law §§ 190, *et seq.*, 650 *et seq.*; 12 N.Y.C.R.R. §§ 142-2.4, 2.18. The exact amount of time worked should be reflected in Debtor's records.

For the last part of his employment, November 15, 2014 through January 23, 2015, Sikhrakar did not receive any wages. This resulted in the Debtor failing to pay Sikhrakar for about eleven weeks of work.

Sikhrakar did not receive minimum wage from November 15, 2014 through January 23, 2015, never received overtime compensation during weeks in which he worked more than 40 hours and never received an extra hour of pay on days in which he worked more than 10 hours.

Both federal and state law allow for liquidated damages in addition to unpaid wages, in the amount of 100% of the unpaid wages in the case of federal law, and in the amount of 100% under the state law. 29 U.S.C. § 216(b); N.Y. Labor Law § 663. Finally, both statutes also allow for the recovery of attorneys fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law §§ 198, 663.

### II. Quantification of Categories and Damages

*Minimum Wage, Overtime Pay and Liquidated Damages*

Although these estimates could be quantified in much better detail upon receipt of discovery from Debtors, Sikhrakar is owed roughly  4,656 in minimum wage and overtime pay from

1

November 15, 2014 through December 24, 2014. This is calculated by multiplying forty hours each week by the applicable minimum wage rate, then adding the weekly number of hours worked over forty each week by time-and-a-half of the regular rate Sikhrakar received in the relevant year. For example:

> November 15, 2014-November 21, 2014: **848**
> > 8.00 x 40 hours = **320** (unpaid minimum wage)
> > 12 x 44 hours = **528** (unpaid overtime)
>
> November 22, 2014-November 28, 2014: **848**
> > 8.00 x 40 hours = **320** (unpaid minimum wage)
> > 12 x 44 hours = **528** (unpaid overtime)
>
> November 29, 2014-December 5, 2014: **848**
> > 8.00 x 40 hours = **320** (unpaid minimum wage)
> > 12 x 44 hours = **528** (unpaid overtime)
>
> December 6, 2014-December 12, 2014: **848**
> > 8.00 x 40 hours = **320** (unpaid minimum wage)
> > 12 x 44 hours = **528** (unpaid overtime)
>
> December 13, 2014-December 19, 2014: **848**
> > 8.00 x 40 hours = **320** (unpaid minimum wage)
> > 12 x 44 hours = **528** (unpaid overtime)
>
> December 20, 2014-December 23, 2014: **416**
> > 8.00 x 40 hours = **320** (unpaid minimum wage)
> > 12 x 8 hours = **96** (unpaid overtime)

The liquidated damages are 200% of this amount,  4,656.00, and therefore amount to  9,312.00. An employee can recover both federal liquidated damages, which are designed to compensate for the delay in payment, and state liquidated damages, which are "punitive in nature." *Yu G. Ke v. Saigon Grill, Inc.,* 595 F. Supp. 2d 240, 264 (S.D.N.Y. 2008).

*Spread of Hours Pay and Liquidated Damages*

Although these estimates could be quantified in much better detail upon receipt of discovery from Defendants, Sikhrakar is owed roughly  5,038 in spread of hours pay from May 2013 to December 24, 2014. This is calculated by multiplying the applicable minimum wage rate for the relevant year by the number of shifts each week in which Sikhrakar worked more than ten hours from start to finish. For example:

March 2013-December 2013: **2,182.00**
> 7 days/week of shifts over 10 hours x MW rate of  7.25/hour x 43 weeks = **2,182.25**
January 2014-December 24, 2014: **2,856.00**
> 7 days/week of shifts over 10 hours x MW rate of  8.00/hour x 51 weeks = **2,856.00**

2

The liquidated damages are 100% of this amount,  5,038.25, and therefore the liquidated damages are an additional  5,038.25, resulting in a total of  10,076.50 owed.

*Notice and Record-Keeping Violations*

Pursuant to NYLL §198 (1-d), Sikhrakar is owed  5,000 total in damages for Holbrook's failure to 1) provide him with a wage notice on or before February first of each subsequent year of employment containing information outlined in NYLL § 195(1), including information such as the rate of pay, any allowances claimed as part of the minimum wage, and notice of deductions taken as required by NYLL § 193, 195; and (2) provide him with a statement with every payment of wages, listing dates of work covered by the payment of wages, rates of pay per day, gross wages, deductions, and net wages as required by NYLL § 195(3).

*Attorneys' Fees, Costs, and Prejudgment Interest*

In an amount to be determined.

*Estimated Damages Overall*

| Total Minimum Wage and Overtime Pay Period | Amount Owed |
|---|---|
| November 2014 – December 2014 | 4,656 |
| Liquidate Damages on Minimum Wage and Overtime Pay (200%) | 9,312 |
| **Spread of Hours Pay Owed** | |
| March 2013 – December 2013 | 2,182.25 |
| January 2014 – December 24, 2014 | 2,856 |
| Liquidated Damages on Spread-of-Hours Pay Owed (100% under state law) | 5,038.25 |
| **Notice and Record Keeping Violations** | 5,000 |
| | |
| **TOTAL** | **29,044.50 + attorney's fees, costs, and prejudgment interest** |

## III. Priority Claim

*Minimum Wage    Overtime Pay*

November 15, 2014- December 19, 2014:  **4240**
8.00 x 40 hours x 5 weeks =  **1600** (unpaid minimum wage)
12 x 44 hours x 5 weeks =  **2640** (unpaid overtime)
December 20, 2014-December 23, 2014:  **416**
8.00 x 40 hours =  **320** (unpaid minimum wage)

3

12 x 8 hours = **96** (unpaid overtime)

*Spread of Hours Pay*

June 25, 2014-December, 24 2014: **1,456.00**
seven days/week of shifts over ten hours x minimum wage rate of
8.00/hour x 26 weeks = **1,456.00**

*Wage Statement Violation*

June 25, 2014-December, 24 2014: **2,500**
180 days contain 25.**7** weeks x  100 per week
25 weeks x  100 per week= 2,500

*Notice Statement Violation*

June 25, 2014-December, 24 2014: **1,285**
180 days contain 25.**7** weeks x  50 per week
25.7 weeks x  50 per week= 1,285

*Estimated Priority Damages Overall*

| Minimum Wage and Overtime Pay Period | Amount Owed |
|---|---|
| November 2014 – December 2014 | 4,656 |
| **Spread of Hours Pay Owed** | |
| June 25, 2014 – December 24, 2014 | 1,456 |
| **Wage Statement Violation** | |
| June 25, 2014-December 24, 2014 | 2,500 |
| **Notice Violation** | |
| June 25, 2014- December 24, 2014 | 1,285 |
| **TOTAL** | **9,897 + attorney's fees, costs, and prejudgment interest** |

*Priority Claim*

The Debtor owes Mr. Sikhrakar unpaid wages for work performed in the 180 days
before the bankruptcy filing on December 24, 2014. At the same wage rates as
outlined above for the final year of his employment, in the 180 days prior to the
bankruptcy filing, Mr. Sikhrakar's unpaid wages were approximately  6,112.
Additionally, Mr. Sikhrakar has a priority claim for  3,787 for wage statement and
notice violations. Therefore, Mr. Sikhrakar's total priority claim pursuant to 11
U.S.C. § 507(a)(4) is  9,897.

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:                                                                     Case No. 14-75671 (AST)

Holbrook Development Corp.,                                                 Chapter 11

                                    Debtor

----------------------------------------------------------------x

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK)
COUNTY OF SUFFOLK)s:-

     Carol Smith, being duly sworn deposes that deponent is not a party to the above-captioned action, is over the age of 18 years and resides at West Islip, New York.

     On November 9, 2015 deponent served the within DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722

Sanil Sikhrakar
58 Horseblock Rd., Apt. 1B
Centereach, NY  11720

                                            _____
                                            Carol Smith

Sworn to before me this
9th day of November, 2015

<u>/s/ Janine M. Zarrilli</u>
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. O1ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*