UNITED STATES BANKRUPTCY COURT   **Firm ID 11-2671938**
EASTERN DISTRICT OF NEW YORK   **Pres. Date: 12/29/15 9:30 a.m.**
-----------------------------------------------------------x

In Re:         Chapter 11

Holbrook Development Corp.,    Case No.:  14-75671-AST

       Debtor.
-----------------------------------------------------------x

## NOTICE OF PRESENTMENT OF OBJECTION TO CLAIM

SIR/MADAM:

  **PLEASE TAKE NOTICE** that an order will be presented for signature before the

Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States

Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York

11722, on **December 29, 2015  @ 9:30 a.m.** The proposed order will seek an order reducing

and reclassifying claims as specifically set forth in the application annexed and in

compliance with Bankruptcy Rule 3007, together with such other and further relief as this

court deems just and proper.

  **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order

must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern

District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the

Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which

may be accessed (with a password which is available by contacting the Bankruptcy Court's

technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through

the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape

Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using

Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such

party shall submit the objection in PDF format on a diskette in an envelope with the case name,

case number, type and title of document, document number of the document to which the

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASC II) format.  An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.  A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and served so as to be received by Macco & Stern, LLP.,135 Pinelawn Road, Suite 120S, Melville, New York 11747, Attn:  Cooper J. Macco, Esq. no later than **December 23, 2015 at 4:00 p.m.**

     **PLEASE TAKE FURTHER NOTICE** that if no objections are received the Court may enter an order granting the relief sought without further notice or hearing.  In the event that objections are timely received by the Court, the Court will schedule a hearing to consider the objections at a date and time to be determined by the Court.

     **PLEASE TAKE FURTHER NOTICE** that in the event that timely objections are filed the Court shall conduct a hearing on a date to be determined by the Court.

Dated:  Melville, New York
       November 23, 2015

                    MACCO & STERN, LLP.
                    Attorneys for the Debtors

                    By:    /s/ Michael J. Macco
                     MICHAEL J. MACCO
                     135 Pinelawn Road, Suite 120S
                     Melville, NY  11747
                     (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                    Case No. 14-75671 (AST)

Holbrook Development Corp.                                 Chapter 11

                             Debtor
-----------------------------------------------------------------x

## DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM

Holbrook Development Corp. (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its counsel, Macco & Stern, LLP, hereby moves the Court for an order reducing and reclassifying the proof of claim assigned claim number 13 (the "Claim") filed by Frank Keshtgar (the "Claimant"), and respectfully sets forth as follows:

### BACKGROUND

1.      The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicates for relief are §502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007.1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

### BACKGROUND

2.      On December 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.      On March 17, 2015, Claimant filed the Claim in the amount of $959,175.45, of which there was a secured portion in the amount of $553,739.45 (the "Claim Amount").  A copy of the Claim is annexed hereto as **Exhibit A**.

4.     The Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108.   To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

## OBJECTION

5.     Pursuant to Bankruptcy Code §502(b):

> [I]f . . . an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> > (3)    Such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than such claim is contingent or unliquidated . . .

6.     Bankruptcy Code §506 states, in relevant part, that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of such creditor's interest in the estate's interest in such property . . . and an unsecured claim to the extent that the value . . . is less than the amount of such allowed claim . . . ." Bankruptcy Code §506(a)(1).

7.     Additionally, pursuant to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."

8.     Prior to the Petition Date, Claimant lent the Debtor $129,291.67 (the "Loan") in order for the Debtor to purchase petroleum.

9.     Claimant has a purchase money security interest in all of the petroleum purchased by the Debtor with the Loan, as well as all proceeds thereof.

10.    As of the Petition Date, the Debtor had approximately $33,294.00 in petroleum remaining in its tanks.

11.    Based on the foregoing, the Debtor believes the Claimant's Claim should be reduced to a secured claim in the amount of $129,291.67, the amount of the Loan and the value of the Debtor's collateral which Claimant has a lien on.

12.    No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the Court enter an order reducing the Claim and granting such further and different relief as the Court deems just and proper.

Dated: November __, 2015
      Melville, NY

                                   MACCO & STERN, LLP
                                   Attorneys for the Debtors

By:    _____
                                   Michael J. Macco
                                   A Member of the Firm
                                   135 Pinelawn Road, Suite 120 South
                                   Melville, New York 11747
                                   (631) 549-7900

# EXHIBIT A

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Holbrook Development Corp. | Case Number:<br>14-75671 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>Frank Keshtgar | |
|---|---|
| Name and address where notices should be sent:<br>Moritt Hock & Hamroff LLP<br>Attn. Theresa A. Driscoll<br>400 Garden City Plaza<br>Garden City, NY 11530<br><br>Telephone number: (516) 873-2000     email: tdriscoll@moritthock.com | **COURT USE ONLY**<br>❐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>     (*If known*)<br><br>**Filed on:**_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:          email: | ❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**    $553,739.45 (see attached)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❐Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** **Loan and Security Agreement dated as of December 19, 2014 (see attached).**
    (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: See attached | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ❐Real Estate  ❐Motor Vehicle  [X]Other
Describe:

Value of Property: $ underline{unknown}

Annual Interest Rate_____% ❐Fixed  or  ❐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$553,739.45

Basis for perfection: UCC Financial Statements

Amount of Secured Claim:    $553,739.45

Amount Unsecured:    $undetermined

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)
Check the appropriate box.

[X] I am the creditor.    ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: <u>Frank Keshtgar</u>
Title:
Company:                                                              /s/ Frank Keshtgar                3/17/15
Address and telephone number (if different from notice address above):    (Signature)                          (Date)
18 Dove Lane
West Bay Shore, New York
11706

Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply

B 10 (Official Form 10) (12/11)

for making a false statement on a proof of claim.

_____ **DEFINITIONS** _____                              _____ **INFORMATION** _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**In re: Holbrook Development Corp.**
**Case No. 14-75671**
**Schedule A to Proof of Claim of**
**Frank Keshtgar**

On December 24, 2014 (the "Petition Date"), Holbrook Development Corp. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Prior to the Petition Date, Frank Keshtgar ("Claimant") loaned the Debtor $553,739.45 (the "Loan") pursuant to that certain Loan and Security Agreement dated as of December 19, 2009 (the "Loan and Security Agreement"). Pursuant to the Loan and Security Agreement, the Debtor granted to Claimant a security interest in petroleum products and the proceeds thereof. A copy of the Loan and Security Agreement is attached hereto as *Exhibit A*. On or about December 29, 2014, Claimant perfected his security interest by filing a UCC-1 Financing Statement, a copy of which is attached hereto as *Exhibit B*. The proceeds of the Loan were used for (i) the purchase of petroleum for the Debtor's gas station operations and (ii) the payment of a retainer for legal services in connection with the preparation and filing of the Debtor's chapter 11 case. Copies of the wire transfer receipts reflecting the use of the Loan proceeds are attached hereto *as Exhibit C*.

Claimant hereby asserts a claim in the amount of $553,739.45 in respect of the Loan and Security Agreement (the "Claim"). The Claim is secured to the extent of the value of the petroleum products and proceeds therefrom in accordance with section 506(a) of the Bankruptcy Code and the Claim is unsecured for any deficiency balance.

Claimant reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, and to file additional proofs of claim for additional claims which may be based on the respective rights and obligations arising under the Agreement, the relationship described herein or the events and circumstances described herein. In addition, Claimant reserves the right to attach or bring forth additional documents supporting its claims and additional documents that may become available after further investigation and discovery. Claimant further reserves the right to file proofs of claim for administrative expenses, other claims entitled to priority, proofs of interest and proofs of claim against other parties, including but not limited to, affiliated debtors against which proofs of claim have not been filed, if any.

Claimant is continuing to investigate the elements of its claims. Accordingly, this Proof of Claim is a protective proof of claim and is filed to protect Claimant from potential forfeiture of any and all rights against the Debtor. The filing of this Proof of Claim shall not constitute: (a) a waiver or release of the rights of Claimant against the Debtor or any other person or property; (b) a waiver of Claimant to contest the jurisdiction of this Court with respect to the subject matter of the claims set forth herein, any objection or other proceeding commenced with respect thereto or any other

proceeding commenced in this case against or otherwise involving Claimant, or (c) an election of remedies or choice of law.

# EXHIBIT A

T 76 — Security Agreement in the nature of a Chattel Mortgage; Short Form.
Uniform Commercial Code; Ind. or Corp., 10-81

©2001 Blumberg Excelsior. Inc., PUBLISHER, NYC 10013
www.blumberg.com

SECURITY AGREEMENT (CHATTEL MORTGAGE)

THIS AGREEMENT, made the 19th    day of   December, 2014        under the laws of the state of   New York

BETWEEN (name and address)    Holbrook Development Corp
701 Montauk Hwy
Bay Shore, NY 11706                                              herein called the Debtor

■ debtor is an organization registered in the State of   New York
☐ debtor is an unregistered organization, its chief executive office is in the State of
☐ debtor is an individual residing in the state of
and (name and address)

Frank Keshtgar
18 Dove Lane
Bay Shore, NY 11706                                              herein called the Secured Party

WITNESSETH:

To secure the payment of an indebtedness in the amount of $ 553,739.45        with interest, payable as follows:

Upon Demand

as evidenced by a note or notes of even date herewith, and also to secure any other indebtedness or liability of the Debtor to the Secured Party direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, including all future advances or loans which may be made at the option of the Secured Party, (all hereinafter called the "obligations") Debtor hereby grants and conveys to the Secured Party a security interest in, and mortgages to the Secured Party,

(a) the property described in the schedule herein which the Debtor represents will be used primarily
☐ for personal, family or household purposes    ☐ in farming operations    ■ in business or other use

(b) all property, goods and chattels of the same classes as those scheduled, acquired by the Debtor subsequent to the execution of this agreement and prior to its termination. (If the property described in the Schedule is for personal, family or household purposes then no security attaches under this section (b) unless the debtor acquires rights in them within 10 days after the Secured Party gives value.)

(c) all proceeds thereof, if any,

(d) all substitutions, replacements and accessions thereto

(the foregoing (a), (b), (c) and (d) hereinafter called the collateral).

**1. DEBTOR WARRANTS, COVENANTS AND AGREES AS FOLLOWS:**

**PAYMENT**  1a   To pay and perform all of the obligations secured by this agreement according to their terms.

**DEFEND TITLE**  1b   To defend the title to the collateral against all persons and against all claims and demands whatsoever, which collateral, except for the security interest granted herein, is lawfully owned by the Debtor and is now free and clear of any and all liens, security interests, claims, charges, encumbrances, taxes and assessments except as may be set forth in the schedule.

**ASSURANCE OF TITLE**  1c   On demand of the secured party to do the following: furnish further assurance of title, execute any written agreement or do any other acts necessary to effectuate the purposes and provisions of this agreement, execute any instrument or statement required by law or otherwise in order to perfect, continue or terminate the security interest of the Secured Party in the collateral and pay all costs of filing in connection therewith.

**POSSESSION**  1d   To retain possession of the collateral during the existence of this agreement and not to sell, exchange, assign, loan, deliver, lease, mortgage or otherwise dispose of same without the written consent of the Secured Party.

**LOCATION**  1e   To keep the collateral at the location specified in the schedule and not to remove same (except in the usual course of business for temporary periods) without the prior written consent of the Secured Party.

**LIENS**  1f   To keep the collateral free and clear of all liens, charges, encumbrances, taxes and assessments.

**TAXES**  1g   To pay, when due, all taxes, assessments and license fees relating to the collateral.

**REPAIRS**  1h   To keep the collateral, at Debtor's own cost and expense, in good repair and condition and available for inspection by the Secured Party at all reasonable times.

**INSURANCE**  1i   To keep the collateral fully insured against loss by fire, theft and other casualties, Debtor shall give immediate written notice to the Secured Party and to insurers of loss or damage to the collateral and shall promptly file proofs of loss with insurers.

**2. THE PARTIES FURTHER AGREE**

**NON-WAIVER**  2a   Waiver of or acquiescence in any default by the Debtor, or failure of the Secured Party to insist upon strict performance by the Debtor of any warranties or agreements in this security agreement, shall not constitute a waiver of any subsequent or other default or failure.

**NOTICES**  2b   Notices to either party shall be in writing and shall be delivered personally or by mail addressed to the party at the address herein set forth or otherwise designated in writing.

**LAW APPLICABLE**  2c   The Uniform Commercial Code shall govern the rights, duties and remedies of the parties and any provisions herein declared invalid under any law shall not invalidate any other provision of this agreement.

**DEFAULT**  2d   The following shall constitute a default by Debtor:
**non-payment**  Failure to pay the principal or any installment of principal or of interest on the indebtedness or any notes when due. Failure
**violation**  by Debtor to comply with any provision of this agreement. False or misleading representations or warranties made
**misrepresentation**  or given by Debtor in connection with this agreement. Subjection of the collateral to levy or execution or other judicial process.
**levy - insolvency**  Commencement of any insolvency proceeding by or against the Debtor. Death of the Debtor. Any reduction in the value of the
**death**  collateral or any act of the Debtor which imperils the prospect of full performance or satisfaction of the Debtor's obligations
**impairment of**  herein.
**security**

**REMEDIES ON DEFAULT**  2e   Upon any default of the Debtor and at the option of the Secured Party, the obligations secured by this agreement shall
**acceleration**  immediately become due and payable in full without notice or demand and the Secured Party shall have all the rights, reme-
**assembling**  dies and privileges with respect to repossession, retention and sale of the collateral and disposition of the proceeds as are
**collateral**  accorded by the applicable sections of the Uniform Commercial Code respecting "Default".
**attorneys' fees**  Upon any default and upon demand, Debtor shall assemble the collateral and make it available to the Secured Party at the
**etc.**  place and at the time designated in the demand.
Upon any default, the Secured Party's reasonable attorneys' fees and the legal and other expenses for pursuing, searching for, receiving, taking, keeping, storing, advertising, and selling the collateral shall be chargeable to the Debtor.
**deficiency**  The Debtor shall remain liable for any deficiency resulting from a sale of the collateral and shall pay any such deficiency forthwith on demand.
**monies**  If the Debtor shall default in the performance of any of the provisions of this agreement on the Debtor's part to be per-
**advanced**  formed, Secured Party may perform same for the Debtor's account and any monies expended in so doing shall be chargeable with interest to the Debtor and added to the indebtedness secured hereby.

**FINANCING STATEMENT**  2f   The Secured Party is hereby authorized to file a Financing Statement.

**CAPTIONS**  2g   The Captions are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this agreement nor the intent of any provision thereof.

The terms, warranties and agreements herein contained shall bind and inure to the benefit of the respective parties hereto, and their respective legal representatives, successors and assigns.

The gender and number used in this agreement are used as a reference term only and shall apply with the same effect whether the parties are of the masculine or feminine gender, corporate or other form, and the singular shall likewise include the plural.

This agreement may not be changed orally.

IN WITNESS WHEREOF, the Parties have respectively signed and sealed these presents the day and year first above written.

## SCHEDULE

Describe items of collateral, the address where each item will be located and describe any prior liens, etc., and the amounts due thereon. If items are crops or goods affixed or to be affixed to real estate describe the real estate and state the name and address of the owner of record thereof.

| *Items* | *Location, etc.* |
|---|---|
| Petroleum products for resale | 5665 Sunrise Hwy<br>Holbrook NY 11741 |

The chief place of business of the Debtor, if other than stated in this agreement, is:

## GUARANTEE

The undersigned guarantees prompt and full performance and payment according to the tenor of the within agreement, to the holder hereof, and, in the event of default, authorizes any holder hereof to proceed against the undersigned, for the full amount due including reasonable attorneys' fees, and hereby waives presentment, demand, protest, notice of protest, notice of dishonor and any and all other notices or demand of whatever character to which the undersigned might otherwise be entitled. The undersigned further consents to any extension granted by any holder and waives notice thereof. If more than one guarantor, obligation of each shall be joint and several.

WITNESS the hand and seal of the undersigned this 19th    day of    December

.................................................................... (L.S.)

Address....................................................................

# EXHIBIT B

12/29/2014  11:06    631-935-1388        BJH CPA                    PAGE  04/07

## UCC FINANCING STATEMENT

**303236**          2014 DEC 29  AM II: 40

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Frank Keshtgar  516-314-3506**

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

```
FRANK KESHTGAR
18 DOVE LANE
BAY SHORE NY 11706
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **Holbrook Development Corp** | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **701 Montauk Hwy** | **Bay Shore** | **NY** | **11706** | **USA** |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| Not Applicable | | **Corp** | **New York** | | ✓ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| Not Applicable | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | **KESHTGAR** | **FRANK** | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **18 DOVE LANE** | **BAY SHORE** | **NY** | **11706** | **USA** |

4. This FINANCING STATEMENT covers the following collateral:

**ALL PETROLIUM PRODUCTS PURCHASED AND THE PROCEEDS OF SALES FROM SUCH PRODUCTS**

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum    [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | | | All Debtors ☐ Debtor 1 ☐ Debtor 2 ☐ | |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## FILING NUMBER:  201412290726028

# EXHIBIT C

 **Bank**

# Domestic Wire Transfer

| | |
|---|---|
| **Initiator:** Ann T Fiumano | **Date:** 12/19/2014 |
| **Initiator's Ph #*:** (631) 422-0604 | **Reference Number:** 0109 |
| Approver's Name : Lina Gonzalez | **Wire Status:** Pending Branch Approval |

| Wire Amount | Customer's Bank Code | Branch Bank Code | Branch # |
|---|---|---|---|
| $273,739.45 | 004-TD BANK N.A. | 004-TD BANK N.A. | 478 |

**Same Day Deposit?**
No

| Wire Type | | Account Type |
|---|---|---|
| Wire Transfer | ☐ Check If Federal Tax Payment | Personal |

## ORIGINATOR

| Customer Name* | Customer Account Number* |
|---|---|
| Frank Keshtgar | ▬▬▬▬▬ |

| Beneficiary Name* | Beneficiary Account Number* |
|---|---|
| Bp Products North America Inc | ▬▬▬▬▬ |

| Beneficiary Address 1* | Beneficiary Address 2* |
|---|---|
| 28301 Ferry Road | |

| Beneficiary City* | Beneficiary State / Zip Code* |
|---|---|
| Warrenville | IL 60555 |

| ABA Number | Receiving Bank Name* |
|---|---|
| 021000021 | JPMORGAN CHASE BANK, NA |

## SPECIAL INSTRUCTIONS

**Further Credit Bank Name**

**Further Credit Comments (Max 140 Characters)**
SAF 90192100

| CUSTOMER REQUESTING | APPROVED BY |
|---|---|
| (Signature) | (Signature) |
| Frank Keshtgar | |

**Notices & Disclaimers:** Placeholder for disclaimer

 **Bank**

# Domestic Wire Transfer

| | | | | |
|---|---|---|---|---|
| Initiator: | Ann T Fiumano | | Date: | 12/19/2014 |
| Initiator's Ph #*: | (631) 422-0604 | | Reference Number: | 0116 |

Approver's Name : Lina Gonzalez

Wire Status: Pending Branch Approval

| Wire Amount | Customer's Bank Code | Branch Bank Code | Branch # |
|---|---|---|---|
| $100,000.00 | 004-TD BANK N.A. | 004-TD BANK N.A. | 478 |

**Same Day Deposit?***
No

**Wire Type** | **Account Type**
Wire Transfer   ☐ Check if Federal Tax Payment   Personal

## ORIGINATOR

| Customer Name* | Customer Account Number* |
|---|---|
| Frank Keshtgar | ▆▆▆▆▆ |

| Beneficiary Name* | Beneficiary Account Number* |
|---|---|
| Bp Products North America Inc | ▆▆▆▆▆ |

| Beneficiary Address 1* | Beneficiary Address 2* |
|---|---|
| 28301 Ferry Road | |

| Beneficiary City* | Beneficiary State / Zip Code* |
|---|---|
| Warrenville | IL 60555 |

| ABA Number* | Receiving Bank Name* |
|---|---|
| 021000021 | JPMORGAN CHASE BANK, NA |

## SPECIAL INSTRUCTIONS

**Further Credit Bank Name**

**Further Credit Comments (Max 140 Characters)**
SAP 90192100

**CUSTOMER REQUESTING**          **APPROVED BY**

| (Signature) | (Signature) |
|---|---|
| Frank Keshtgar | |

**Notices & Disclaimers:**  Placeholder for disclaimer

 **Bank**

# Domestic Wire Transfer

| | | |
|---|---|---|
| **Initiator:** | Lina Gonzalez | **Date:** 12/23/2014 |
| **Initiator's Ph #*:** | (631) 422-0604 | **Reference Number:** 1255 |

Approver's Name : Jaclyn M Januszkiewicz    **Wire Status:** Pending Branch Approval

| Wire Amount | Customer's Bank Code | Branch Bank Code | Branch # |
|---|---|---|---|
| $180,000.00 | 004-TD BANK N.A. | 004-TD BANK N.A. | 478 |

**Same Day Deposit?**
No

**Wire Type**
Wire Transfer        ☐ Check if Federal Tax Payment

**Account Type**
Personal

## ORIGINATOR

| Customer Name* | Customer Account Number* |
|---|---|
| Frank Keshtgar | ▬▬▬▬▬ |

| Beneficiary Name* | Beneficiary Account Number* |
|---|---|
| Macco & Stern Llp | ▬▬▬▬▬ |

| Beneficiary Address 1* | Beneficiary Address 2* |
|---|---|
| 135 Pineloan rd | |

| Beneficiary City* | Beneficiary State / Zip Code |
|---|---|
| Melville | NY 11747 |

| ABA Number* | Receiving Bank Name* |
|---|---|
| 021001088 | HSBC BANK USA, NA |

## SPECIAL INSTRUCTIONS

**Further Credit Bank Name***

**Further Credit Comments (Max 140 Characters)**

| CUSTOMER REQUESTING | APPROVED BY |
|---|---|
| _____ (Signature) | _____ (Signature) |
| Frank Keshtgar | |

**Notices & Disclaimers:** Placeholder for disclaimer

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Case No. 14-75671 (AST)

Holbrook Development Corp.,                          Chapter 11


                                    Debtor
------------------------------------------------------------x
### AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF SUFFOLK)s:-


        Carol Smith, being duly sworn deposes that deponent is not a party to the above-
captioned action, is over the age of 18 years and resides at West Islip, New York.

        On November 24, 2015 deponent served the within DEBTOR'S OBJECTION TO
ALLOWANCE OF CLAIM upon the following parties, at the addresses designated by said
parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly
addressed wrapper in an official depository under the exclusive care and custody of the United
States Postal Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722

Frank Keshtgar
c/o Moritt Hock & Hamroff LP
Attn:  Theresa A. Driscoll
400 Garden City Plaza
Garden City, NY  11530

                                                                    _____
                                                                    Carol Smith


Sworn to before me this
24th day of November, 2015

*/s/ Janine M. Zarrilli*
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. O1ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*