UNITED STATES BANKRUPTCY COURT      Firm ID 11-2671938
EASTERN DISTRICT OF NEW YORK      Pres. Date: 12/29/15 9:30 a.m.
------------------------------------------------------------x

In Re:      Chapter 11

Holbrook Development Corp.,      Case No.: 14-75671-AST

    Debtor.
------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF OBJECTION TO CLAIM

SIR/MADAM:

**PLEASE TAKE NOTICE** that an order will be presented for signature before the Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **December 29, 2015 @ 9:30 a.m.** The proposed order will seek an order reducing and reclassifying claims as specifically set forth in the application annexed and in compliance with Bankruptcy Rule 3007, together with such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the

1

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASC II) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and served so as to be received by Macco & Stern, LLP.,135 Pinelawn Road, Suite 120S, Melville, New York 11747, Attn: Cooper J. Macco, Esq. no later than **December 23, 2015 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are received the Court may enter an order granting the relief sought without further notice or hearing. In the event that objections are timely received by the Court, the Court will schedule a hearing to consider the objections at a date and time to be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections are filed the Court shall conduct a hearing on a date to be determined by the Court.

Dated: Melville, New York
       November 25, 2015

                                        MACCO & STERN, LLP.
                                        Attorneys for the Debtors

                                        By: /s/ Michael J. Macco
                                        MICHAEL J. MACCO
                                        135 Pinelawn Road, Suite 120S
                                        Melville, NY  11747
                                        (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

In re:                                                                                       Case No. 14-75671 (AST)

Holbrook Development Corp.                                                  Chapter 11

                                            Debtor
-------------------------------------------------------------- x

## DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM

Holbrook Development Corp. (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its counsel, Macco & Stern, LLP, hereby moves the Court for an order disallowing, or, alternatively, reclassifying as a general unsecured claim, the proof of claim assigned claim number 9 (the "Claim") filed by Core-Mark Midcontinent Inc. (the "Claimant"), and respectfully sets forth as follows:

## BACKGROUND

1.  The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are §502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007.1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

## BACKGROUND

2.  On December 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.  On February 12,, 2015, Claimant filed the Claim in the secured amount of $7.78 (the "Claim Amount"). A copy of the Claim is annexed hereto as **Exhibit A**.

4. The Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

## OBJECTION

5. Pursuant to Bankruptcy Code §502(b):

> [I]f . . . an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (1) Such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than such claim is contingent or unliquidated . . .

6. Bankruptcy Code §506 states, in relevant part, that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of such creditor's interest in the estate's interest in such property . . . and an unsecured claim to the extent that the value . . . is less than the amount of such allowed claim . . . ."

7. Additionally, pursuant to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."

8. Based upon a review of the Debtor's books and records, the Debtor paid all outstanding amounts due and owing to the Claimant.

9. Moreover, as of the Petition Date, there was no collateral subject to a security interest of the Claimant to which a lien could have attached.

10. Accordingly, based on the Debtor's books and records, the Debtor believes that the Claim should be disallowed in its entirety, or, alternatively, reclassified as a general unsecured claim.

11. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests the Court enter an order disallowing, or alternatively, reclassifying, the Claim and granting such further and different relief as the Court deems just and proper.

Dated: November 25, 2015
Melville, NY

**MACCO & STERN, LLP**
Attorneys for the Debtors

By: _____
Cooper J. Macco
A Member of the Firm
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900

# EXHIBIT A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   Eastern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor: Holbrook Development Corp.

Case Number: 1-14-75671 (ast)

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Core-Mark Midcontinent, Inc.

Name and address where notices should be sent:
Peter A. Lauricella, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
677 Broadway, Albany, New York 12207

Telephone number: (518) 449-8893    email: peter.lauricella@wilsonelser.com

Name and address where payment should be sent (if different from above):
(same as above)

Telephone number:    email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $ 37,898.51

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Unpaid account balance for goods ordered and delivered
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a)

3b. Uniform Claim Identifier (optional): _____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
Describe: Inventory and Accounts Receivables

Value of Property: $ _____

Annual Interest Rate _____ % ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: UCC-1 Filing

Amount of Secured Claim:   $ 37,898.51

Amount Unsecured:   $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier — 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                                         2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Stacie Lewis
Title: Controller, Core-Mark PA Division
Company: Core-Mark Midcontinent, Inc.
Address and telephone number (if different from notice address above):
100 West End Road
Wilkes-Barre, PA 18703

(Signature)    2/10/15 (Date)

Telephone number: (570) 823-6865    email: slewis@core-Mark.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13) 3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Calculation of Current Value of Claim

Against Debtor Holbrook Development Corp.

Principal Amount of Claim: $34,280.80 (outstanding account balances)

Contractual interest/service charges: $1,994.71 (accruing @ 1 ½% monthly [18% annually] as of the date of filing December 24, 2014)

Collection Costs and Attorneys' Fees: $1,623.00 (as of the date of filing December 24, 2014)

Total Value of Claim: $37,898.51 (as of the date of filing, December 24, 2014)

1117699v.1



**Core-Mark International, Inc.**
**Business Credit Application**

be completed by applicant. failure to complete fully and accurately could lead to a denial of credit.

Applicant Name(s): (Operator/Owner of Business)

Name of business (trade style): Citgo

Full legal name of business: Holbrook Development Corp

Prior business name(s) used? _____

Primary contact: Steve Keshtgar          Skeshtgar@aol.com

Shipping address: 865 Sunrise Hwy Holbrook NY 11741    Billing address: 701 W Montauk Hwy Bay Shore, NY 11706

Location(s): (Attach list if multiple locations)

Address: _____

Address: _____

Address: _____

Form of Ownership: (*If partnership, list personal information on all partners and attach to this form. **If corporation, indicate date and state of incorporation.)
☐ Proprietorship  ☐ Partnership*  ☐ General  ☐ Limited  ☒ Corporation**  Date: __/__/__  State: NY

List number of employees: 3

Type/Style of Business: (Check all that apply)
☐ Independent   ☐ Franchise   ☐ Chain
☒ Convenience   ☐ Drug Store  ☐ Supermarket  ☐ Liquor  ☒ Gas & Oil  ☐ Other

Type of Location:
☒ Free Standing   ☐ Shopping Center   ☐ Leased Dept.   ☐ Other

Name of Landlord: _____   Phone#: _____

How long have you owned your present business? ___ years, ___ months

Have you ever done business with Core-Mark before? ☒ No ☐ Yes

What was the name of that business? _____   Date: __/__/__ to __/__/__

Financial:
Estimated weekly purchases from Core-Mark: _____   Estimated inventory value: _____
Fire insurance coverage on inventory? ☐ No ☒ Yes, insurance provided by: Nationwide
Any liens or encumbrances on business assets? ☒ No ☐ Yes (attach copies)
Have you ever filed bankruptcy? ☒ No ☐ Yes, provide status _____   Type _____   Date __/__/__
Balance sheet and income statement: ☐ Attached ☐ Can not provide

Resale Tax# _____   Corp. I.d.# _____
Fed. Tax# 20-5772121   Liquor Lic.# N/A

Trade References—list primary vendors or institutions (include name of distributor you are currently purchasing from)
Bank Name: NY Commercial   Account Number(s): 1300 32265   Telephone: 631 348-0888
Address/City/State/Zip: 1601 Veterans Hwy Islandia NY 11749

Previous Bank: _____   Account Number(s): _____   Telephone: _____
Address/City/State/Zip: _____

Vendor: Coca Cola   Account Number(s): 1231964   Telephone: 516 952-8119
Address/City/State/Zip: P.O Box 4108 Boston MA 02211

Vendor: _____   Account Number(s): _____   Telephone: _____
Address/City/State/Zip: _____

Vendor: _____   Account Number(s): _____   Telephone: _____
Address/City/State/Zip: _____

## AGREEMENT AND AUTHORIZATION – To be completed by Applicant, and a Joint Applicant/User of Account if any.

The Applicant, and the Joint Applicant/User of Account, if any (together, the "Applicant"), submit the information contained in this credit application ("Application") for the purpose of pertaining and inducing Core-Mark International, Inc, its direct and indirect subsidiaries and its successors and assigns ("Core-Mark") to make periodic sales of goods to Applicant on credit, and upon specific terms set forth in Core-Mark's invoices. Applicant's signature below and/or Applicant's acceptance of invoiced merchandise, individually or through its agents or employees, constitute an agreement by Applicant to pay all amounts owed promptly and within the terms of Core-Mark's invoices. Applicant agrees with Core-Mark that Applicant will pay a service charge of 1½% per month on all past due amounts, plus all collection costs, expenses and attorney fees, if Applicant fails to pay or otherwise perform its obligations to Core-Mark. A lawsuit need not be filed to allow an award of such attorney fees, expenses and costs, and those attorney fees, expenses and costs shall include, by way of example, those incurred in making demand, preparing for or at trial, appeal and for collection of any judgment obtained. Any dispute, claim, or controversy between Applicant and Core-Mark arising from this account (if the account is eventually authorized by Core-Mark) shall be governed in all respects by the laws of the State from which the goods are shipped. Applicant and Core-Mark agree that as to any dispute, claim or controversy, the parties agree that the jurisdiction and venue shall be in the State and County from which the goods are shipped.

Applicant and Core-Mark further agree that at the option of Core-Mark, any dispute, claim or controversy between Applicant and Core-Mark shall be determined by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Upon issuance of an Arbitration Award, judgment may be entered in any court having jurisdiction thereof. Arbitration shall be held in the City and State from which the goods are shipped and shall be governed on all questions of law, according to the laws of the State from which the goods are shipped. The Arbitrator shall award reasonable attorney fees and costs to the prevailing party, as well as reasonable arbitration, administrative, and arbitrator fees and costs. Any award of attorney fees shall include those fees necessary to establish the award as judgment, as well as any reasonable attorney fees and costs prior to arbitration or other legal action arising from a breach of this Agreement. If any provision of this Agreement is found to be unenforceable or invalid, it shall not affect the remaining provisions, and this Agreement shall be construed as if any such unenforceable or invalid provision were omitted.

The information in this Application is submitted for the purpose of verifying and answering questions as they relate to the credit experience of Applicant. Core-Mark is relying on the accuracy of all information provided, and in the event of any inaccuracy, the credit made available by Core-Mark shall be deemed to have been procured by fraud. Applicant also specifically authorizes Core-Mark to answer questions about its credit experience with Applicant. Applicant certifies that the information provided in this Application is true and correct. Core-Mark is hereby authorized to contact any local credit bureau and also any credit reference and/or other reference listed on this Application that Core-Mark deems reasonable or necessary. Applicant understands that Core-Mark will retain this Application whether or not it is approved.

Applicant may not assign, delegate or otherwise transfer the account established pursuant to this Application, nor shall the relationship between Core-Mark and Applicant be assignable or delegatable by Applicant without the written consent of Core-Mark.

Any cash discount is forfeited if invoices are not paid by due date. A continuing service charge of 1½% will be assessed monthly on all balances past due. Applicant agrees to pay reasonable attorney fees, expenses and costs incurred by Core-Mark in enforcing its rights of collection, before the beginning of court action or arbitration, at trial or arbitration, at any appeals therefrom, and for any collection efforts thereafter.

All amounts owed to Core-Mark by Applicant pursuant to this Application shall become immediately due and payable to Core-Mark upon the sale of Applicant (whether by sale of stock, merger, sale of all or substantially all of the Applicant's assets or a similar transaction).

Applicant's Signature _[signed]_ Print Full Name _Steve Keshtgar_ Date _5/31/12_

Applicant's Signature _____ Print Full Name _____ Date _____

Core-Mark Representative _____ Servicing Distribution Center _____

## CONTINUING GENERAL GUARANTEE OF PAYMENT

THIS CONTINUING GENERAL GUARANTEE OF PAYMENT ("GUARANTEE") IS ENFORCEABLE BY CORE-MARK INTERNATIONAL, INC, ITS DIRECT AND INDIRECT SUBSIDIARIES AND ITS SUCCESSORS AND ASSIGNS ("CORE-MARK"). THIS GUARANTEE IS ABSOLUTE, UNCONDITIONAL AND UNLIMITED AS TO AMOUNT AND TIME.

I/We, the undersigned ("Guarantor"), hereby guarantee (jointly and severally, if more than one) the prompt payment to Core-Mark of all amounts now due and owing or which may hereafter become due and owing to Core-Mark (including its successors and assigns) from the applicant and any joint applicant/user of the account(s) referred to in the credit application ("Application") and agreement and authorization above ("Applicant"). This Guarantee is submitted as per Core-Mark's standards of creditworthiness and this Guarantee is being relied upon by Core-Mark in Core-Mark's agreeing to extend credit to Applicant. Liability of Guarantor shall not be affected or prejudiced by the additional acceptance of a note or evidence of indebtedness, the increase or decrease of the Applicant's obligations, reorganization of Applicant, the extension of time, payment arrangement or other indulgence granted to Applicant, or by any agreement affecting said indebtedness, and Guarantor hereby waives notice of all of the aforesaid. The filing of suit or exhaustion of collection or legal remedies against Applicant shall not be a condition precedent to the enforcement of this Guarantee and Guarantor hereby expressly waives demand, presentment for payment, protest, notice of protest or diligence.

This Guarantee shall continue until Core-Mark receives written notice of termination executed by Guarantor. Should Guarantor elect to terminate this Guarantee, such termination shall not affect the liability of Guarantor as to accounts and amounts then owing from Applicant, and demand shall then be considered made by Core-Mark, irrespective of default by Applicant, upon Guarantor for payment in full of such amounts. Guarantor waives any subrogation rights Guarantor may have against Applicant by reason of any payment made under this Guarantee. In the event the obligations represented hereby are not paid when due, and suit for collection or other collection effort or process is instituted to enforce Core-Mark's rights hereunder, Guarantor hereby agrees to pay all costs, expenses and attorney fees incurred by Core-Mark. All of Core-Mark's rights and remedies under this Guarantee are cumulative and not alternative.

This Guarantee shall be binding upon and inure to the benefit of the parties, their permitted successors and assigns. No assignment or transfer of this Guarantee or any of the rights or obligations hereunder may be made by Guarantor without the prior written consent of Core-Mark and any attempted assignment or transfer without such consent shall be null and void. Core-Mark may freely assign or transfer this Guarantee or the rights and obligations hereunder without the consent of Guarantor or Applicant. Upon any such assignment or transfer by Core-Mark, the references in this Guarantee to Core-Mark shall also apply to any such assignee unless the context otherwise requires. This Guarantee and any dispute or claim arising therefrom shall be governed in all respects by the laws of the State set forth in the choice of law provision in the Application. If any provision of this Guarantee is found to be unenforceable or invalid, all other provisions shall remain in full force and effect, and this Guarantee shall be construed as if any such unenforceable or invalid provision were omitted.

Guarantor's Signature _[signed]_ Print Full Name _Steve Keshtgar_ Date _5/31/12_
Home Address _35 S. Bay Ave_ City _Brightwaters_ State _NY_ Zip _11718_
Home Phone No. _516/322-2900_ Drivers License No. _204 196 051_ State _NY_ Social Security No. _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_

Guarantor's Signature _____ Print Full Name _____ Date _____
Home Address _____ City _____ State _____ Zip _____
Home Phone No. ( ) _____ Drivers License No. _____ State _____ Social Security No. _____

Credit Manager Approval _____ Date _____
Terms _____
(Credit terms to be determined by the Credit Department only)



## Core-Mark Midcontinent, Inc. Security Agreement

SECURED PARTY: CORE-MARK MIDCONTINENT, INC.

DEBTORS: Holbrook Development Corp

**Security Interest.** In order to secure payment of all Customer's present and future indebtedness owed to Vendor at any time during the term of this Agreement or upon termination or expiration, Customer hereby grants to Vendor a security interest in (a) all grocery products, grocery products inventory, and other products delivered by Vendor for sale and delivery; (b) all accounts receivable owing to Customer resulting from the sale of grocery products, grocery inventory and other products delivered by Vendor regardless of when or how incurred; (c) all present and future merchandise and inventory including without limiting the generality of the foregoing, all tobacco, candies, proprietress, toiletries, health & beauty aids, sundries, & foods. All present and future equipment, fixtures and property used by the debtor in its convenience / deli / fast food business including without limiting the generality of the foregoing, ovens refrigeration & freezing equipment, steam tables, shelving, sinks, cabinets, furniture, signs, cash registers, fountains equipment, computers & peripheral equipment, lighting fixtures, floor covering, utensils and related equipment. And all proceeds of the foregoing collateral, including without limitation, all accounts, contract rights, chattel paper, documents, instruments, inventory, equipment, general intangibles, insurance proceeds, and products received for the disposition of the foregoing collateral or acquired with any such proceeds; and (d) all proceeds of Customer's grocery inventory and accounts receivable from grocery product sales. Customer agrees that Vendor has authority under the Uniform Commercial Code to execute and file all requisite financing statements with the appropriate filing authority in the jurisdiction where Customer is located to perfect and protect this security interest in the assets as set forth in this Section.

_Steve Keshtgar_          Date: 5·31·12
(Please print name.)

_____
(Signature.)

_____          Date: _____
(Please print name.)

_____
(Signature.)

_____          Date: _____
(Please print name.)

_____
(Signature.)

_____          Date: _____
(Please print name.)

_____
(Signature.)

433961          2012 Oct 08 PM04:22

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Peter A Lauricella, Esq. - (518) 449-8893

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Wilson Elser Moskowitz Edelman & Dicker LLP
677 Broadway
Albany, NY 12207, USA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | Holbrook Development Corp. | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS 701 W Montauk Highway | CITY Bay Shore | STATE NY | POSTAL CODE 11706 | COUNTRY USA |
| ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION New York | | |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | | |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | Core-Mark Midcontinent, Inc. | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS 100 West End Road | CITY Wilkes-Barre | STATE PA | POSTAL CODE | COUNTRY USA |

**4. This FINANCING STATEMENT covers the following collateral:**

Pursuant to the ¿Security Agreement¿ between Holbrook Development Corp. (¿Debtor¿) and Core-Mark Midcontinent, Inc. (¿Core-Mark¿) dated May 31, 2012, all the Debtor¿s present and future personal property of every kind, nature and description, whether at the following locations 5665 Sunrise Highway, Holbrook, New York 11741 or 701 W. Montauk Highway, Bay Shore, New York 11706 any other location, and to the full extent of Debtor¿s interest therein including but not limited to: (a) all grocery products, grocery products inventory, and other products delivered by Vendor for sale and delivery; (b) all accounts receivable owing to Debtor resulting from the sale of grocery products, grocery inventory and other products delivered by Vendor regardless of when or how incurred; (c) all present and future merchandise and inventory including without limiting the generality of the foregoing, all tobacco, candles, proprietress, toiletries, health & beauty aids, sundries & foods. All present and future equipment, fixtures and property used by the debtor in its convenience/deli/fast food business including without limiting the generality of the foregoing, ovens, refrigeration & freezing equipment, steam tables, shelving, sinks, cabinets, furniture, signs, cash registers and its contents, fountains equipment, computers & peripheral equipment, lighting fixtures, floor covering, utensils and related equipment. And all proceeds of the foregoing collateral, including without limitation, all accounts, contract rights, chattel paper, documents, instruments, inventory, equipment, general intangibles, insurance proceeds, and products received for the disposition of the foregoing collateral or acquired with any such proceeds; and (d) all proceeds of Debtor¿s grocery inventory and accounts receivable from grocery product sales

All of the terms set forth in this Schedule shall have the meanings set forth in the Uniform Commercial Code as in effect on the date hereof.

**5. ALTERNATIVE DESIGNATION (if applicable):** ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

**6.** This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum  **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) [optional] ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 06/22/02)

**Filing Number-201210088351598**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                    Case No. 14-75671 (AST)

Holbrook Development Corp.,                                              Chapter 11

                                      Debtor
-------------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF SUFFOLK)s:-

      Carol Smith, being duly sworn deposes that deponent is not a party to the above-captioned action, is over the age of 18 years and resides at West Islip, New York.

      On November 25, 2015 deponent served the within DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722

Core-Mark Midcontinent, Inc.
100 West End Road
Wilkes-Barre, PA  18703

Peter A. Lauricella, Esq.
Wilson Elser Moskowitz, et al.
677 Boradway
Albany, New York  12207

                                                                             /s/ Carol Smith
                                                                              Carol Smith

Sworn to before me this
25th day of November, 2015

*/s/ Janine M. Zarrilli*
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. 01ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*