UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                        Case No. 14-75671 (AST)

Holbrook Development Corp.,                                      Chapter 11

                              Debtor.
-----------------------------------------------------------------x

## NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE**, that hearing on the terms of a proposed stipulation (the "Stipulation") settling: (1) the objection of Holbrook Development Corp. (the "Debtor") to the proof of claim filed by Sanil Sikhrakar ("Claimant") and (2) the motion filed by claimant to allow and pay the administrative portion of the claim will be held before the Honorable Alan S. Trust on **March 23, 2016 at 2:00 p.m.** at the Long Island Federal Courthouse, 290 Federal Plaza, Room 960, Central Islip, New York.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Stipulation, must conform to the Bankruptcy Rules and Local Bankruptcy Rules for the Eastern District of New York, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with General Order 461, be registered users of the Bankruptcy Court's filing system and, by all other parties in interest, on a 3.5 inch disk, in portable document format (PDF), WordPerfect, Microsoft Word DOS text (ASCII) or a scanned imaged of the filling, with a hard copy delivered directly to Chambers, and may be served in accordance with General Order 462, and upon (i) counsel to the Debtor, Macco & Stern, LLP, 2950 Express Drive South, Suite 109, Islandia, New York 11749; and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, so as to be received no later than **March 18, 2016 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that a copy of the Stipulation is annexed hereto as **Exhibit A.**

Dated: March 7, 2016
      Islandia, NY

                                **MACCO & STERN, LLP**
                                Attorneys for the Debtor-In-Possession

                By: _____
                                Cooper J. Macco
                                A Member of the Firm
                                135 Pinelawn Road, Suite 120 South
                                Melville, New York 11747
                                (631) 549-7900

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                              Case No. 14-75671 (AST)

Holbrook Development Corp.,                                         Chapter 11

                                    Debtor.

------------------------------------------------------------- x

## STIPULATION AND ORDER SETTLING OBJECTION TO PROOF OF CLAIM

**WHEREAS,** on December 24, 2014 (the "Petition Date"), Holbrook Development Corp. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, prior to the Petition Date, the Debtor operated a gas station and convenience store at the real property located at, and known as, 5665 Sunrise Highway, Holbrook, New York; and

**WHEREAS,** prior to the Petition Date through January 2015, the Debtor employed Sanil Sikhrakar (the "Claimant"); and

**WHEREAS,** on or about March 18, 2015, Claimant filed a proof of claim in the Debtor's bankruptcy case, assigned claim number 14, in the amount of $29,044.50, including $9,897 as a priority unsecured claim (the "Claim").

**WHEREAS,** on or about November 9, 2015, the Debtor filed an objection (the "Objection") to the Claim, seeking to reduce the Claim; and

**WHEREAS,** on or about December 24, 2015, Claimant filed opposition to the Objection; and

**WHEREAS**, on or about January 6, 2016, a hearing was held before the Court, whereby the Debtor was directed to contact Claimant's attorney and submit a statement of undisputed facts as to the Claim and Objections; and

**WHEREAS**, on or about January 8, 2016, certain former employees of the Debtor, including Claimant, filed a motion to allow and pay certain administrative and priority wage claims (the "Motion"); and

**WHEREAS**, on or about February 3, 2016, the Debtor filed its opposition to the Motion and statement of undisputed facts; and

**WHEREAS**, the Parties have engaged in informal discovery related to the Objection and, in the spirit of compromise, have agreed to settle the Objection and the Claim.

**NOW, THEREFORE**, it is hereby stipulated and agreed as follows:

1. Upon the approval of the Bankruptcy Court, the Claim shall be reduced, reclassified as follows: (1) a general unsecured claim in the amount $4,656; (2) a priority unsecured claim in the amount of $4,656; and (3) an administrative expense claim in the amount of $2,427.24.

2. The Claim, as reduced pursuant to paragraph 1, shall be allowed against the Debtor and shall not be subject to any defense or counterclaim, right of setoff, reduction, avoidance, disallowance or subordination.

3. The Claimant shall receive distributions on account of the Claim in the form set forth in and pursuant to the terms of a confirmed chapter 11 plan (the "Plan").

4. The Claimant shall vote the unsecured portion of the reduced Claim in favor of accepting the Plan.

5. The Objection is resolved.

6. With respect to the Claim, other than the right to receive distributions under the Plan with respect to the Claim, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustee and attorneys, shall have no further right to payment from, and are hereby barred from asserting any claims whatsoever, whether known or unknown, asserted or not, in law or in equity, against the Debtor, its estate, or its successors or assigns, in existence as of the date of this Stipulation and arising from or related to the Claim. Claimant is not waiving any right or claim it may have against a separate entity which is not a party to this agreement.

7. The Debtor, its estate, and its successor or assigns, hereby releases any and all claims or causes of action against the Claimant relating in any way to the Settlement Agreement or other agreements between the Claimant and the Debtor.

8. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by order of the Court.

9. Each person who executes this Stipulation represents that he or she is fully authorized to do so on behalf of the respective Party hereto and that each such party has full knowledge and has consented to this Stipulation.

10. This Stipulation may be executed in counterparts and a facsimile or electronically transmitted copy of this Stipulation shall be deemed an original.

11. This Stipulation shall be governed by and construed in accordance with laws of the United States, including the Bankruptcy Code, and the laws of the state of New York.

12. The Bankruptcy Court shall retain exclusive jurisdiction over this Stipulation and any and all disputes arising out of or otherwise related to the Stipulation.

Dated: Islandia, New York
       March 7, 2016

**MACCO & STERN, LLP**
Attorneys for the Debtor-in-Possession

By: *s/ Michael J. Macco*
Michael J. Macco
A Member of the Firm
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

Dated: New York, New York
       March 7, 2016

**KAYE SCHOLER LLP**
Attorneys for the Claimant

By: *s/ Kara Neaton*
Kara Neaton
250 West 55th Street
New York, New York 10019
(212) 836-7404

**SO ORDERED:**